IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN BRAZELL,

      Plaintiff,                              CIV. S-06-2655 GEB GGH PS

    vs.

UNITED STATES OF AMERICA,

      Defendant.                          FINDINGS AND RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for January 4, 2007, was defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative for summary judgment, filed November 22, 2006. Plaintiff did not file an opposition and did not appear at the hearing. Kurt Didier appeared on behalf of the government. After carefully reviewing the record, the court recommends granting the motion to dismiss without prejudice.

BACKGROUND

        Plaintiff filed the instant complaint in Lassen County Superior Court, on October 16, 2006. Defendant removed the action to this court on November 21, 2006, based on exclusive federal jurisdiction for suits against the United States. The complaint seeks damages for medical malpractice allegedly caused by Dr. Sue Hagar of Northeastern Rural Health Clinics and

\\\\\

1

Westwood Family Practice. Plaintiff claims that Dr. Hagar took him off methadone without notice, causing mental and physical pain from the immediate withdrawal.

LEGAL STANDARD FOR MOTION TO DISMISS

Defendant brings its motion under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to failure to file an administrative tort claim.

Federal district courts are courts of limited jurisdiction. U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D.Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For

diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true.  Thornhill, 594 F.2d at 733.  In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint.  "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Id. (quotations and citation omitted).  The court may hear evidence such as declarations or testimony to resolve factual disputes.  Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[1]

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

\\\\\

\\\\\

---

[1] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved.  See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

ANALYSIS

Local Rule 78-230(m) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

Plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. In the alternative, the court has reviewed the motion and finds that it has merit.

Defendant moves to dismiss based on failure to exhaust administrative remedies. Its statement of undisputed facts represents that the clinics involved, Northeastern Rural Health Clinics and Westwood Family Practice, are federally supported health centers, and that employee Suzin Hagar, M.D. was acting within the scope of her employment at the time of the acts alleged in the complaint. As qualifying federally supported health care centers, they come under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, which provides that the federal government is the medical malpractice insurer for specific health centers which receive federal funding. This act expanded liability protection of employees of federally funded health centers to all patients of those entities. Id. § 233(g)(1)(B). As such, this suit is under the Federal Tort Claims Act ("FTCA"), which is the exclusive remedy for such malpractice actions. Id. § 233(g)(1)(A); 28 U.S.C. §§ 2675-2681. The determination of coverage under the FSHCAA is made by the Department of Health and Human Services which may deem a health care center and its employees to be covered. 42 U.S.C. § 233(g)(1)(F). It is undisputed that Westwood Family Practice, Northeastern Rural Health Clinic, and Dr. Hagar have been deemed statutory employees under the FSHCAA. Defendant's Exhs. A, B.[2]

\\\\\

---

[2] The exhibits do not specifically contain support for the assertion that Westwood Family Practice is a delivery site of Northeastern and is therefore federally funded; however, plaintiff's lack of opposition to this motion is deemed a waiver of any dispute of fact.

4

The FTCA waives the sovereign immunity of the United States for actions in tort. The FTCA also provides that before an individual can file an action against the United States in district court, he must seek an administrative resolution of the claim. 28 U.S.C. § 2675(a) provides, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

According to defendant, plaintiff has never filed an administrative tort claim. (Bergeron Decl., Motion to Dismiss, ¶ 4). Because plaintiff did not file an administrative tort claim against the Department of Health and Human Services regarding Northeastern Rural Health Clinics, Westwood Family Practice, or Dr. Hagar, his tort claim should be dismissed.

Not raised by the parties is the question of whether plaintiff should be able to cure the failure to exhaust if he had no notice that defendant clinics received Federal funding and therefore the FTCA applied. The Westfall Act, also known as the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA"), amended the FTCA in 1988. It provides that the FTCA is the exclusive remedy for suits against federal employees who are acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Exhaustion requirements apply even where the suit is not originally brought against the United States. Id. § 2679(d)(4); Bryant v. United States, 96 F. Supp.2d 552, 554 (N. D. Miss. 2000). Nevertheless, where a plaintiff has no knowledge that the defendant is supported by federal funding, a harsh result is avoided because the FELRTCA also provides the opportunity for a plaintiff to exhaust after discovery of the federal presence in the case provided the original action was timely filed.

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section

2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

Actions removed to federal court provide plaintiffs with the opportunity to exhaust after removal. Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 83 (2d. Cir. 2005). The limitations period under the FTCA is two years. 28 U.S.C. § 2401(b).

In this case, plaintiff filed this action in state court on October 16, 2006, alleging violations by defendant on June 22, 2006. Therefore, he will be permitted to exhaust within sixty days after this action is dismissed.

CONCLUSION

Good cause appearing, IT IS RECOMMENDED that defendant's motion to dismiss, filed November 22, 2006, be granted and this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 1/8/07 /s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076 - Brazell2655.mtd.wpd